UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

ALI ODEH ABDELJABER,

    Petitioner,

v.

SHANNON D. WITHERS,

    Respondent.

Civil Action No. 5:25-336-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ali Odeh Abdeljaber is an inmate at the United States Penitentiary in Coleman, Florida. Proceeding without a lawyer, Abdeljaber recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. That petition is now before this Court on initial screening pursuant to 28 U.S.C. § 2243.

The Court has reviewed Abdeljaber's submission and will dismiss this action without prejudice to his ability to properly pursue his various claims. As an initial matter, it appears that Abdeljaber is trying to collaterally attack his underlying federal criminal convictions and corresponding sentence via several different claims. [*See* R. 1 (citing *United States v. Abdeljaber*, No. 5:19-cr-185-DCR-EBA-1 (E.D. Ky. 2019), and asserting multiple arguments related to that case)]. While Abdeljaber *might* be able to assert these claims in his underlying federal criminal case by filing a second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255(h), he cites no legal authority that would allow him to pursue these claims in this standalone civil action filed pursuant to § 2241. *See Martinez v. Warden FCI Ashland*, No. 0:24-cv-042-DLB, 2024 WL 4530282, at \*1 (E.D. Ky. Oct. 18, 2024) (citing *Jones v. Hendrix*,

599 U.S. 465 (2023), for the proposition that a federal prisoner generally may not challenge the legality of his convictions and sentence via § 2241).

Finally, while Abdeljaber also puts forth other claims suggesting that the Federal Bureau of Prisons is improperly failing to apply certain time credits to his sentence [*see* R. 1], those claims are not properly asserted in this judicial district.  After all, the proper respondent in a habeas case is the petitioner's custodian at the time he filed his petition, *see Rumsfeld v. Padilla*, 532 U.S. 426, 434 (2004), and Abdeljaber has been—and continues to be—incarcerated at a federal prison in Florida.  *See* R. 1; Federal Bureau of Prisons' Inmate Locator, at https://www.bop.gov/inmateloc/ (last visited September 29, 2025).  Thus, Abdeljaber's various claims are unavailing here.

Accordingly, it is **ORDERED** as follows:

1. Abdeljaber's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice to his ability to pursue his claims via a second or successive § 2255 motion filed directly in his underlying federal criminal case and/or a § 2241 petition filed in his district of confinement.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

Dated:  September 29, 2025.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

2